FILED
SEP 1 3 2005
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CRIMINAL NO. SA-05-CR-283 OG |
| MICHAEL ANTHONY MERMEA | § | |
| Defendant. | § | |

## PLEA AGREEMENT AND STIPULATION OF FACTS

The United States of America, by and through the United States Attorney for the Western District of Texas and Defendant MICHAEL ANTHONY MERMEA, (hereinafter referred to as "Defendant"), individually and by and through Assistant Public Defender Kurt May, counsel for Defendant, hereby enter into the following plea agreement in the above-referenced cause pursuant to Fed. R. Crim. P. 11(c)(1):

### I. PLEA AGREEMENT

(A) The Defendant agrees to plead guilty to the Indictment. The United States and the Defendant agree that Defendants conduct falls within the "all other cases" category of 18 U.S.C. SS 111(a) and the maximum term of imprisonment is 8 years.

(B) The Defendant and the United States further agree and stipulate to the following pursuant to Fed. R. C.rim. P. 11(c):



(1) The United States agrees to refrain from prosecuting the Defendant for any other offenses arising from the facts underlying the offense to which the Defendant is pleading guilty in this case.

(2) The United States will not oppose the maximum allowable level of reduction in the applicable offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, if recommended by the Probation Office and if the Court determines to grant the Defendant this benefit under the advisory provisions of the Sentencing Guidelines.

(3) The United States will not oppose the Defendant's request that the Probation Office consider this matter under the provisions of U.S.S.G. § 2A2.3 of the Sentencing guidelines, if recommended by the Probation Office and if the Court determines to grant the Defendant this benefit under the advisory provisions of the Sentencing Guidelines

(4) The Defendant understands and acknowledges that the Court has full discretion to sentence the Defendant within the range of punishment allowed for the offense.

(5) The United States and Defendant each reserve the right to: (a) bring its version of the facts of this case to the attention of the Probation Office in connection with that Office's preparation of a pre-sentence report; (b) dispute sentencing factors or facts material to sentencing in the pre-sentence report; and (c) seek resolution of such factors or facts in conference with opposing counsel and the United States Probation Office. In addition, all parties

reserve full rights to alocution as to the appropriate sentence the Defendant should receive.

(7) The Defendant voluntarily and knowingly waives the right to appeal his sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742; provided, however, that this waiver does not extend to his right to appeal any upward departure pursuant to U.S.S.G. § 5K2.0 from the Guideline range found by the District Court. The Defendant also voluntarily and knowingly waives his right to contest his sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to, a proceeding pursuant to 28 U.S.C. § 2255; provided, however, that consistent with principles of professional responsibility imposed on the Defendant's counsel and counsel for the United States, the Defendant does not waive his right to challenge his sentence to the extent that it is the result of a violation of his constitutional rights based on claims of ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension. In other words, the Defendant understands that he cannot challenge the sentence imposed by the District Court, even if it differs substantially from any sentencing range estimated by his attorney, the attorney for the United States or the Probation Office. Realizing the uncertainty in estimating what sentence he will ultimately receive, the Defendant knowingly and voluntarily waives his right to appeal the sentence or to contest it in any post-conviction proceeding in exchange for the

concessions made by the United States in the Agreement, except as otherwise provided herein.

The Defendant also waives his right to challenge the sentence imposed knowing that his sentence has not yet been determined by the Court. The Defendant is aware that his sentence will be imposed in accordance with the provisions of 18 U.S.C. § 3553, with the <u>United States Sentencing Guidelines and Policy Statements</u>, being used by the Court at its discretion in an advisory capacity to determine the appropriate sentence which may be up to the maximum allowed by statute for his offense. He is also aware that the sentence to be imposed does not provide for parole.

(C) The Defendant also understands and agrees that:

(1) The Court is not obligated to grant any level reduction for acceptance of responsibility. The Defendant understands that the sentence to be imposed on him is within the complete discretion of the Court and that the Defendant will not be permitted to withdraw his agreement to plead guilty because of the Court's decision in imposing such sentence. Moreover, the United States reserves the right to advocate in support of the Court's judgment should this case be presented to an appellate court.

(2) Except as expressly stated above, the Defendant and the United States have entered into no other stipulation. However, the Defendant understands and agrees that nothing in this Plea Agreement shall prohibit the United States from presenting all relevant facts, information and evidence to the United

States Probation Office and to the Court.

(3) The Defendant understands that the District Court may reject any of these sentencing stipulations in whole or in part. In the event that the District Court rejects any sentencing stipulation, the Defendant and the United States Attorney shall remain bound by all other terms of this plea agreement, including all other stipulations.

(4) To the extent that the parties have projected sentencing ranges, if at all, in reliance on the above stipulations, such projections, if any, are estimates only and are not binding on the parties, on the United States Probation Office, or on the District Court. The Defendant will not be permitted to withdraw his guilty plea if the sentencing range, as determined by the District Court, differs from any projected by the parties or by the Probation Office.

## II. STATUTORY PENALTIES

The maximum statutory penalty for a violation of 18 U.S.C. § 111(a) is: not more than eight (8) years imprisonment; not more than $250,000 fine, or both; not more than three (3) years supervised release; $100 special assessment fee; plus restitution.

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

A violation of the conditions of probation or supervised release may result in a separate prison sentence.

## III. STIPULATION OF FACTUAL BASIS AND FACTS RELEVANT TO SENTENCING

The parties agree that there is no dispute as to the material elements which establish the

factual basis of the offense of conviction. The pertinent facts are set out below in order to provide a factual basis of the plea and to provide facts which the parties believe are relevant, pursuant to Sentencing Guidelines §1B1.3, for computing the appropriate guideline range. To the extent the parties disagree about the facts relevant to sentencing, the statement of facts identifies which facts are known to be in dispute at the time of the plea. (*Id.* at §6B1.4(b))

The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or factors not included herein which are relevant to the guideline computation (*Id.* at §1B1.3) or to sentencing in general (*Id.* §1B1.4). In "determining the factual basis for the sentence, the Court will consider the stipulation [of the parties], together with the results of the presentence investigation, and any other relevant information." (*Id.* §6B1.4 Comm.)

The parties agree that the government's evidence would be as follows:

On November 13, 2004, Richard J. Cruz was employed as a letter carrier for the United States Postal Service. On that day, Mr. Cruz was delivering mail on his assigned Postal route. As Mr. Cruz approached 2535 West Mulberry, he saw the Defendant who was then residing at this location. Mr. Cruz knew the Defendant from past experiences in High school. After giving the Defendant his mail, Mr. Cruz turned to walk away. When Defendant tried to engage Mr. Cruz in conversation, Mr. Cruz told Defendant "we are not friends." The Defendant asked Mr. Cruz if he wanted to fight and Mr. Cruz replied he would not fight because he was working and did not want to lose his job. As Mr. Cruz continued to walk away, the Defendant struck Mr. Cruz in the face, splitting his lip. These proceedings were witnessed by

the next door neighbor who heard the Defendant say "you motherf****, do you want to fight", heard Mr. Cruz reply no because he did not want to lose his job and then saw Defendant strike Mr. Cruz. She told the Defendant she had called the police and the defendant then fled from the scene.

## IV. ACKNOWLEDGMENT OF EFFECTIVE ASSISTANCE OF COUNSEL

The Defendant acknowledges that he has reviewed the merits of the charges and all possible defenses that he may have with his attorney, including, but not limited to, his right to file motions with the Court. The Defendant acknowledges that he has had sufficient time to consult with his attorney on such matters and all possible defenses he may have. The Defendant further acknowledges by signing this Agreement that he believes he has received effective assistance of counsel, and that he has had sufficient time to consult with his counsel regarding this plea agreement and the possible punishment that could be imposed upon him at the sole discretion of the District Court.

## V. WAIVER OF RIGHT TO TRIAL

The Defendant voluntarily and knowingly waives his right to file pretrial motions, to have a hearing on any such pretrial motion, previously filed or otherwise, and to have a trial on the charges brought against him in this case.

## VI. JURISDICTIONAL LIMITATION

Defendant further understands that this agreement binds only the United States Attorney's Office for the Western District of Texas and the Defendant. The Defendant acknowledges his full understanding that by this plea agreement, no representations or agreements have been made or entered into with any other United States Attorney or any other federal or state prosecutor concerning

other pending or possible offenses or charges.

This written plea agreement constitutes the entire agreement between the parties and shall not be modified except by agreement in open court or in a supplemental plea agreement signed by all the parties.

JOHNNY SUTTON
UNITED STATES ATTORNEY

DATE: 9-13-05

BY: _____
W. Ray Jahn
Assistant United States Attorney

DATE: 9-12-05

_____
Kurt May
Assistant Federal Public Defender
Counsel for Defendant

I HAVE READ THE ABOVE PLEA AGREEMENT OR HAVE HAD IT READ TO ME IN ITS ENTIRETY AND AGREE TO THE TERMS SET FORTH IN IT. ADDITIONALLY, I HAVE READ (OR HAD READ TO ME) THE FACTUAL BASIS CONTAINED HEREIN AND AGREE TO THE FACTS SET FORTH IN THE FACTUAL BASIS.

DATE: 9-12-05

_____
MICHAEL ANTHONY MERMEA
Defendant